UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KETSANA VILAYLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00616-SRC |
| | ) |
| BRENO L. COELHO and OLIVELLO | ) |
| TRANSPORTATION LLC, | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

Ketsana Vilaylack, Olivello Transportation LLC, and Breno Coelho went off to the races in November 2023 when Vilaylack sued Olivello and Coelho in state court for damages arising out of a car accident. Nine months later, Coelho fell out of the race because Vilaylack failed to timely serve Coelho. Now, over six months later, Vilaylack asks the Court if she can start from scratch so Coelho can re-join the race. Because Vilaylack has failed to present a proper reason for dismissal, the Court denies Vilaylack's request.

**I.      Background**

Vilaylack filed her complaint against Coelho and Olivello in state court in November 2023. Doc. 8. In her complaint, Vilaylack alleged that when Olivello employed Coelho, Coelho rear-ended Vilaylack with his truck and caused her injury. *Id.* at ¶¶ 15–17, 24–26, 28. At the time of removal, Vilaylack hadn't yet served Coelho. *See* doc. 1 at ¶ 4. Thus, the Court ordered Vilaylack to show cause why the Court shouldn't dismiss Coelho without prejudice for lack of timely service. Doc. 14. Vilaylack explained that she had diligently attempted to serve Coelho, and she accordingly asked the Court to extend the deadline to serve him. Doc. 15 at ¶¶ 2, 6, 8. The Court granted the request and gave Vilaylack six more weeks to serve Coelho. Doc. 17.

When the deadline for serving Coelho came and went, the Court ordered Vilaylack to file proof of service.  Doc. 20.  Instead of filing proof of service (or a request to extend the deadline for service), Vilaylack filed a memorandum in which she conceded that she "effectively cannot comply with the Court's order for in-person service" because "Coelho is, apparently, a ghost."  Doc. 21 at 3.[1]  Noting that "Vilaylack ha[d] never moved, without prompting, for an extension of time" and that 262 days had passed since Vilaylack filed her complaint, the Court dismissed Coelho from the action without prejudice.  Doc. 22 at 2–3.

Next, the Court set a Rule 16 conference.  Doc. 23.  In their Joint Proposed Scheduling Plan, the parties proposed a December 31, 2024 deadline for joining parties.  Doc. 25 at ¶ 2.  The Court conducted the Rule 16 conference, doc. 27, and set several deadlines for the case, including a November 29, 2024 deadline for motions for joinder of additional parties, *see* doc. 28 at 1.

In late November 2024, Vilaylack moved to substitute her attorney with another attorney at the same law firm.  Doc. 32.  The Court granted the appearance of the new attorney but denied the withdrawal of the former attorney, subject to refiling by counsel.  Doc. 33.  The former attorney moved to withdraw in January 2025, *see* doc. 38, and the Court promptly granted that motion, doc. 39.  In the interim, a third attorney appeared for Vilaylack.  Doc. 34.

In early January 2025, Olivello filed a summary-judgment motion.  *See* doc. 35.  About three weeks after that, Vilaylack moved for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2).  *See* doc. 42.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

**II.     Standard**

After a defendant serves either an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action without the consent of the other parties "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see* Fed. R. Civ. P. 41(a)(1)(A). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citation omitted). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id.* (citations omitted). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.* (citations omitted).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals [that] unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Along those lines, the Eighth Circuit has identified several factors relevant to the prejudice inquiry. These include, but are not limited to, the defendant's effort and expense involved in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, the fact that the defendant has filed a motion for summary judgment, the emotional and psychological trauma associated with the experience of defending another lawsuit, and the prejudice resulting from uncertainty over title to land. *Id.* at 783.

### III. Discussion

#### A. Whether Vilaylack has presented a proper explanation

Vilaylack argues that dismissing the case without prejudice would allow her to prosecute her claims against Coelho and Olivello simultaneously. Doc. 42-1 at 2–3. She claims that her new attorney (unlike her former attorney) is committed to assiduously prosecuting the claim against Coelho. *Id.* at 1–2. In other words, Vilaylack wants to dismiss the case so she can refile her complaint against both Coelho and Olivello. *Id.* at 2–3. The gaping holes in this explanation are legion.

First, joining Coelho in this suit doesn't require dismissal of the whole case—Vilaylack could move to join Coelho as a defendant in *this* case. *See* Fed. R. Civ. P. 20(a)(2) (allowing parties to be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action"); *see also* doc. 42-1 at 3 (conceding that the federal rules favor joinder here because the claims "aris[e] out of a single occurrence"). To be sure, the case-management order stands in the way. *See* doc. 28 at 1 (requiring parties to file, no later than November 29, 2024, "any motions for joinder of additional parties" and explaining that "[t]he Court will only modify this schedule upon a showing of exceptional circumstances"). But Vilaylack *could* move for an extension of the motion-for-joinder deadline. *See id.*; *see also* Fed. R. Civ. P. 6(b)(1)(B) (providing that the Court "may, for good cause, extend" a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect"). That Vilaylack didn't do that—and that she instead seeks to dismiss the entire case—likely means one of two things. Either (a) Vilaylack doubts that she could show the "exceptional circumstances" and "excusable

4

neglect" required to amend the case-management order (read: Vilaylack seeks to dismiss the case "merely to escape an adverse decision" on a potential motion to amend the case-management order, *see Hamm*, 187 F.3d at 950) or (b) Vilaylack has a different, non-articulated reason for seeking dismissal (read: Vilaylack has not "presented a proper explanation for [her] desire to dismiss," *see id.*).

Second, the timeline casts doubt on Vilaylack's reason for seeking dismissal. The Court dismissed Coelho from the case over six months ago, after Vilaylack had multiple chances to serve Coelho. *See* doc. 22. Ten days later, Vilaylack agreed to a scheduling plan that set a December 31, 2024 deadline for joining new parties. *See* doc. 25. Just a few weeks after that, Vilaylack participated in a Rule 16 conference and saw a case-management order that set a November 29, 2024 deadline for joining new parties. *See* docs. 27–28. But Vilaylack still sat on her hands. She waited months and months—and until after Olivello filed a dispositive motion, *see* doc. 35—to vocalize her now-uncompromising desire to pursue her claim against Coelho, *see* doc. 42. Given these facts, the Court finds it hard to believe that the desire to pursue the claim against Coelho, and not the prospect of summary judgment, motivates Vilaylack's desire for dismissal.

And it is of no moment that Vilaylack changed her attorney in the middle of these events. After all, her new attorneys entered their appearances in the case in November and December 2024, still over a month and a half before Vilaylack requested dismissal. *See* docs. 32–34. And, in any event, Vilaylack must live with the consequences of her former attorney's strategic decisions. *See, e.g.*, *Wallace, Saunders, Austin, Brown & Enochs, Chartered v. Rahm*, 963 S.W.2d 419, 422 (Mo. Ct. App. 1998) (holding that an attorney acts as his client's agent). When

the new attorneys agreed to take the case, they took the case as they found it, not as they would have liked to have found it.

For these reasons, the Court finds that the proper-explanation factor strongly counsels against dismissing the case.

### B.   Waste of judicial time and effort

This factor counsels against dismissing the case, too.  If Vilaylack gets to start from scratch, then the Court's prior orders related to subject-matter jurisdiction, service of process, case management, and discovery would be for naught.  *See, e.g.*, docs. 10, 14, 17, 20, 22, 23, 26, 28.  Although the case remains in discovery, the Court has already expended much time and effort on this case, and to allow Vilaylack to start from scratch would be to force another court (or this one) to go through many of these motions again.

Vilaylack responds that dismissing the case would *serve* judicial efficiency because, if the Court doesn't dismiss the case, Vilaylack would need to file a separate lawsuit against Coelho.  *See* doc. 42-1 at 3.  Maybe.  But given that (1) Vilaylack has squandered multiple opportunities to serve Coelho and bring him into *this* case, *see* docs. 14, 15, 17, 20–22, and (2) the Court questions whether Vilaylack seriously intends to pursue the claim against Coelho, *see supra* § III.A., the Court finds Vilaylack's line of reasoning speculative at best.  More likely, dismissing the case would waste more judicial resources than allowing it to continue would.

Thus, the waste-of-judicial-time-and-effort factor counsels against dismissing the case.

### C.   Prejudice to Olivello

"Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'"  *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Kern v. TXO Prod. Corp.*, 783 F.2d 968, 970 (8th Cir. 1984)).  "The expense and

6

effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Id.*  Nor "does the loss of . . . tactical advantage." *Id.*

Here, Olivello would not suffer substantial legal prejudice if the Court dismissed the case.  Although Olivello has filed a motion for summary judgment, *see* doc. 35, the case remains in discovery, and relatively early in discovery at that, *see* doc. 43 at 9 (conceding that the parties have not yet taken depositions).  And although Olivello argues that it would need to rework discovery and expert materials if the Court allowed Vilaylack to start from scratch, *see, e.g., id.*, that fact does not constitute legal prejudice for purposes of Vilaylack's motion, *see Mullen*, 770 F.3d at 728.

Thus, the prejudice factor counsels in favor of dismissing the case.

### D. Weighing the factors

Weighing the relevant factors, the Court finds dismissal unwarranted at this time. Although Olivello would not suffer substantial legal prejudice from dismissal, Vilaylack's failure to articulate a proper purpose for dismissal strongly counsels against dismissing the case.  And the waste of judicial resources makes dismissal even more unpalatable.

## IV. Conclusion

Accordingly, the Court denies Vilaylack's [42] Motion to Dismiss Without Prejudice.

So ordered this 6th day of March 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE