UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KETSANA VILAYLACK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:24-cv-00616-SRC |
| | ) |
| BRENO L. COELHO and OLIVELLO TRANSPORTATION LLC, | ) |
| | ) |
|    Defendants. | ) |

**<u>Memorandum and Order</u>**

Ketsana Vilaylack moves to amend the case-management order. To justify an extension of already-passed deadlines, a party must satisfy clear standards: good cause, exceptional circumstances, and excusable neglect. Vilaylack, largely pointing only to her prior failures to meet deadlines, doesn't satisfy those standards here, so the Court denies her motion. Olivello Transportation, LLC, also moves to amend the case-management order, but Olivello's request hinges on a hypothetical change to the case-management order that the Court rejects here. That renders Olivello's motion moot.

**I.  Background**

Olivello filed a Motion for Summary Judgment two-and-a-half months ago. Doc. 35. The crux of the motion is that Vilaylack failed to disclose any expert witnesses by the November 18, 2024 deadline for expert-witness disclosure and that, without expert testimony, Vilaylack cannot prove damages. *See id.* at ¶¶ 3–10; *see also* doc. 28 at 1[1] (setting a November 18, 2024 deadline for expert-witness disclosure).

---
[1] The Court cites to page numbers as assigned by CM/ECF.

Vilaylack opposed Olivello's motion. Doc. 40. In her brief, Vilaylack stated that she:

> seeks an extension to comply with the Rule 26 expert witness disclosure accompanied by a delay in trial to ensure that if the Court grants [Vilaylack's] proposed extension, both parties would have at least 90 days to review expert witnesses before trial, placing litigants in the exact position they would be in had there been no failure to comply with the Rule 26 disclosure requirement.

*Id.* at 6. But Vilaylack failed to even mention the standards that govern a post-deadline request to amend the case-management order: "good cause," Fed. R. Civ. P. 16(b)(4); "exceptional circumstances," doc. 28 at 1; or "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B). *See generally* doc. 40. Thus, in no sense does Vilaylack's request—buried halfway into her motion-for-summary-judgment response brief—count as a motion to amend the case-management order. *See* Fed. R. Civ. P. 7(b)(1)(B) (requiring a party seeking a court order to make a motion that, among other things, "state[s] with particularity the grounds for seeking the order").

In the same brief, Vilaylack also blamed a "[s]ingle [a]ttorney," Zachary Brand, for the failure to follow the expert-disclosure deadline. Doc. 40 at 6–8 (emphasis removed); *see also* doc. 42-1 at 1 (identifying Brand as the "attorney that previously represented" Vilaylack). Vilaylack argued that it would be unjust for the Court to grant Olivello summary judgment based solely on Brand's "[e]rror." Doc. 40 at 6 (emphasis removed).

Two days after Vilaylack opposed the summary-judgment motion, she moved to dismiss the case without prejudice. Doc. 42. In that motion, Vilaylack continued to throw Brand under the bus, this time for Brand's failure to timely serve Breno Coelho, who was previously a defendant in this case before the Court dismissed him without prejudice for lack of timely service. *See* doc. 42-1. Vilaylack offered *one* reason in support of her motion to dismiss the case without prejudice—that Vilaylack wished to refile the case so that she could sue both

Coelho and Olivello in the same case. *See id.* at 2 (arguing that Vilaylack sought "to dismiss this action without prejudice for *a* valid, non-prejudicial purpose" (emphasis added)). Vilaylack explicitly rejected the premise that, by moving to dismiss without prejudice, she was "seeking to escape an adverse ruling" on Olivello's Motion for Summary Judgment. *Id.* at 4. And nowhere did Vilaylack let on that she wished to amend her complaint to allege a shoulder injury. *See generally* doc. 42-1. In fact, Vilaylack rejected *that* premise in her reply brief. *See* doc. 47 at 4 ("Undersigned counsel for [Vilaylack] has never given [Olivello] any indication—formally or informally—of an intent to include a claim for a shoulder injury in any subsequent lawsuit."). The Court denied Vilaylack's motion, primarily because Vilaylack had failed to articulate a proper purpose for dismissal. Doc. 50.

Two weeks after the Court denied her Motion to Dismiss Without Prejudice, Vilaylack filed a Motion to Amend Case Management Order. Doc. 53. Vilaylack seeks to amend the motion-for-joinder-of-parties deadline, the amended-pleadings deadline, and the expert-disclosure deadline. *Id.* at ¶ 2. Vilaylack's states her purpose as this:

> Under a new Case Management Order, [Vilaylack] will amend her Complaint to align the pleadings with the evidence and her Interrogatory Answers, specifically alleging that her shoulder was injured in the collision, and seek to re-add Mr. Coelho to this case. [Vilaylack] will also serve additional expert disclosures, identifying Dr. Gregory Cook and Dr. Brett Miller as physicians who will testify with respect to her injury and causation.

*Id.* at ¶ 3.

Vilaylack then gives several reasons to attempt to justify an amendment to the case-management order. *See* doc. 53. The Court discusses them in the section III.A.

**II.     Standard**

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." And, in the case-management order, the Court noted

3

that it will give its consent only "upon a showing of exceptional circumstances." Doc. 28 at 1. In addition, if a deadline has already passed, the Court "may, for good cause extend" the deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

### III.  Discussion

The Court denied Vilaylack's Motion to Dismiss Without Prejudice mostly because Vilaylack didn't *need* to dismiss the entire case to join Coelho as an additional defendant—she could have moved to amend the case-management order to join him as a defendant in *this* case instead. Doc. 50 at 4. Speculating about Vilaylack's true motives, the Court noted that Vilaylack likely "doubt[ed] that she could show the 'exceptional circumstances' and 'excusable neglect' required to amend the case-management order." *Id.* at 4–5. And if *that* were true, Vilaylack had sought dismissal without prejudice "'merely to escape an adverse decision' on a potential motion to amend the case-management order." *Id.* at 5 (quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). To the extent that Vilaylack *did* harbor such doubts, her Motion to Amend Case Management Order, doc. 53, shows that she had good reason to harbor them. The Court turns to her motion now and addresses Olivello's after that.

#### A.  Vilaylack's motion

Vilaylack puts forward several reasons in her attempt to justify an amendment to the case-management order. *See id.* The Court assesses them one-by-one.

First, Vilaylack notes that "[t]he procedural posture of this case is already tangled" and that "it is likely about to become even more complicated" because "[m]otion practice by the parties has created uncertainty as to the status of various claims and potential rights." *Id.* at ¶ 4.

4

The Court recognizes that the procedural posture of this case appears tangled. But Vilaylack, not any external factor, is to blame for this perceived entanglement.

There is nothing inherently complex about an automobile-accident case like this one. The only reason that "uncertainty as to the status of various claims and potential rights" exists in this case is that Olivello filed a motion for summary judgment (a routine motion) and Vilaylack has, since the filing of that motion, tried various ways to get herself out of her own self-inflicted pickle of not having abided by the several-months-passed deadlines in the case-management order. First, she tried to do so by an oblique request for an extension of the expert-disclosure deadline in her summary-judgment response brief. *See* doc. 40 at 6. Then, she moved to dismiss the case without prejudice. *See* doc. 42. And now, finally refraining from beating around the bush, she moves to amend the case-management order. *See* doc. 53. To be sure, all these actions have, in some sense, "tangled" the procedural posture of this case. *Id.* at ¶ 4. But they don't warrant a change to the case-management order, because these self-inflicted entanglements don't amount to good cause, exceptional circumstances, or excusable neglect.

Singing the same song in a different verse, Vilaylack next points to her *own* decision to file a separate state-court action against Coelho as justification for amending the case-management order. Doc. 53 at ¶ 5. Vilaylack contends that the parallel nature of these cases will make "further litigation under the current deadlines uncertain at best and utterly impractical at worst." *Id.*

The Court acknowledges that the parallel cases may present challenges. But those challenges are a far cry from the exceptional circumstances that would justify kicking the can down the road of this case even further than Vilaylack has already kicked it. Parallel cases present nothing out of the ordinary, and the Court rejects Vilaylack's argument that the mere

5

existence of the state-court action justifies extending deadlines that passed months ago, especially because Vilaylack *herself* made the decision to file the state-court case.

      Ironically, Vilaylack cites Federal Rule of Civil Procedure 1 to support her request for an extension. *See id.* at ¶ 5. Make no mistake: there is nothing "just," "speedy," or "inexpensive" about granting, without justification, a request for an extension of deadlines that came and went four months ago, especially when the requesting party, without explanation, waited months after the passage of the deadlines before moving for the extension. Fed. R. Civ. P. 1.

      Perhaps even more ironically, Vilaylack also turns to *Ellingsworth v. Vermeer Manufacturing Co.*, 949 F.3d 1097 (8th Cir. 2020), for support. Doc. 53 at ¶ 7. In *Ellingsworth*, the Eight Circuit *affirmed* a district court's decision to deny a plaintiff's motion to push back the deadline for motions for leave to amend the complaint. *Ellingsworth*, 949 F.3d at 1100. The Eighth Circuit noted that "[t]he primary measure of good cause" under Federal Rule of Civil Procedure 16(b) "is the movant's diligence in attempting to meet deadlines." *Id.* (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). And the court explained that the plaintiff's attempt to amend the complaint "had more to do with a change in litigation strategy than in the factual or legal basis of his case." *Id.* "That," the Eighth Circuit held, was "not sufficient to establish good cause[,] and the district court was well within its discretion to deny the motion." *Id.*

      Considering Vilaylack's "diligence," or lack thereof, "in attempting to meet deadlines," and the absence of changes "in the factual or legal basis of [her] case," the Court finds that *Ellingsworth* counsels against, not in favor of, an amendment to the case-management order. *Id.* (quoting *Albright*, 926 F.3d at 951). Vilaylack can blame Brand all she wants for her failure to meet deadlines. But even if the Court's axiomatic observation that "Vilaylack must live with the

6

consequences of her former attorney's strategic decisions," doc. 50 at 5 (citing *Wallace, Saunders, Austin, Brown & Enochs, Chartered v. Rahm*, 963 S.W.2d 419, 422 (Mo. Ct. App. 1998)), proved false, that wouldn't move the needle. One of Vilaylack's *current* attorneys, Christopher J. Hinckley, entered his appearance in this case in November 2024. *See* docs. 32–33. And Vilaylack's attorney who filed the Motion to Amend Case Management Order, Emery Reusch, *see* doc. 53 at 6, entered his appearance over three months ago, too, *see* doc. 34. The Court need not decide whether Brand's failures would have constituted good cause or exceptional circumstances to extend the case-management-order deadlines back then, because they certainly don't *now*, months after Brand has withdrawn from the case. *See* docs. 38–39. Hinckley and Reusch, with reasonable diligence, could have discovered the missed deadlines long before the now-not-so-new year commenced almost three months ago, yet they sat on their hands.

      Finally, in a jab at the Court's prior refusal to dismiss the case without prejudice, Vilaylack points to *Bergstrom v. Frascone*, 744 F.3d 571 (8th Cir. 2014), to warn the Court not to impose "sanctions on a party due to conduct attributable solely to a party's attorney." Doc. 53 at ¶¶ 10–11. To the extent that *Bergstrom* applies to this case, the Court heeds the warning. But *Bergstrom* doesn't apply here. In *Bergstrom*, the district court dismissed the plaintiff's complaint with prejudice for failure to prosecute and failure to abide by court orders related to discovery. 744 F.3d at 573. The Eighth Circuit, in "a close case," reversed that dismissal because the district court had failed to consider "the viability of lesser sanctions as to the circumstances" that "existed at the time it entered the dismissal." *Id.* at 575.

      But here, the Court hasn't imposed *any* sanctions on Vilaylack. Much less has it resorted to the extreme sanction of dismissing her case with prejudice. To the extent that Vilaylack

7

argues that the Court's refusal to extend deadlines *effectively* dooms her case against Olivello because her case cannot survive Olivello's Motion for Summary Judgment without an extension of the expert-witness disclosure deadline, her own prior representations to the Court suggest that she believes otherwise. *See, e.g.*, doc. 42-1 at 4 ("[Vilaylack] is not seeking to escape an adverse ruling on [Olivello's] Motion [for Summary Judgment]. On the contrary, [Vilaylack] responded to [Olivello's] Motion on its merits and set forth a conclusive argument for why [Olivello's] Motion should be denied.").

At bottom, Vilaylack's only justification for extending the case's deadlines is her own failure to abide by the deadlines previously set. In no sense does that constitute good cause, excusable neglect, or exceptional circumstances. Thus, the Court denies Vilaylack's motion, doc. 53.

### B. Olivello's motion

The Court's ruling on Vilaylack's motion renders Olivello's motion moot. Olivello argues that, if the Court were to grant Vilaylack's request for new deadlines, Olivello would need more time to take additional discovery. *See generally* doc. 52. But since the Court here rejects Vilaylack's attempt to move deadlines, no exceptional circumstances exist that would justify moving Olivello's deadlines, either. Accordingly, the Court denies Olivello's motion, doc. 52.

\* \* \*

This Memorandum and Order should come as no surprise. The undersigned stresses, at every Rule 16 conference, that, if the parties can remember only one thing from the conference, they should remember that the Court will not move the discovery deadline, the dispositive-motion deadline, or the trial date, absent a showing of truly exceptional

circumstances. The Court held such a Rule 16 conference in this case, and it gave both parties that same warning. *See* doc. 27. The Court acknowledges that Vilaylack's current attorneys did not participate in the Rule 16 conference. *See id.* But, lest Vilaylack's current attorneys attempt to throw their former colleague under the bus any further, the Court directs them to the undersigned's Judge's Requirements, which the Court ordered the parties to "review and comply with," doc. 9:

> I manage my docket proactively so that parties can expect to go to trial during the three-week trial docket set in the Case Management Order. I strictly enforce the deadlines set forth in the CMO. As I explain at Rule 16 conferences, the generic "press of other business," discovery taking longer than expected, or parties' delay in initiating or pursuing discovery do not constitute exceptional circumstances.
>
> Counsel should read the CMO carefully and refer to it throughout the case. If a party needs to amend any part of the CMO that is not covered by Rule 29 of the Federal Rules of Civil Procedure, that party must file a motion to amend before any of the deadlines that party seeks to move pass. The motion must also specify whether counsel for each other party consents to the amendment. I will grant the motion only if the movant shows that exceptional circumstances justify the amendment.

Judge's Requirements at 5.

### IV. Conclusion

Accordingly, the Court denies Vilaylack's [53] Motion to Amend Case Management Order and denies Olivello's [52] Motion to Amend Case Management Order and/or to Set New Case Management Conference as moot. All deadlines in the case remain in full effect.

So ordered this 25th day of March 2025.

*SL R. CR*
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9